### F. D. PORTER & Co. *vs.* E. KILPATRICK.

Fraud must be resisted at the proper time and before the proper tribunal; for it is the policy of the law, that litigation should not be protracted or suits multiplied.

It is only in extreme cases that a court of chancery will grant a new trial at law.

A court of chancery will not grant a new trial on account of newly discovered evidence which by using due diligence might have been obtained before. *Held,* that to grant a new trial in this case, would establish a precedent to encourage suitors in negligence in the preparation of their cases, and protract litigation.

ON appeal from the superior court of chancery; Hon. Stephen Cocke, chancellor.

The facts are contained in the opinion of the court.

*D. C. Glenn,* for appellants.

*J. M. Chilton,* on the same side.

*Sanders,* for appellee.

Mr. Justice FISHER delivered the opinion of the court.

The appellee filed his bill in the superior court of chancery to obtain a new trial at law, in the circuit court of Washington county, on a certain judgment obtained by the appellants at the December term, 1838, of said court, upon which execution was

Porter et al. *v.* Kilpatrick.

issued, levied, and forthcoming bond given and returned forfeited before the bill was filed.

The action was founded upon an account for goods sold by the appellants, who were merchants residing at the town of Amsterdam, to-the wife of the appellee, while she was living in a state of separation from her husband, in the year 1837. The bill admits that the complainant defended the suit at law, on the ground that the articles furnished the wife were not necessaries. In this attitude of the case, we must exclude from our investigation the questions as to the correctness of the account, and that the articles were necessaries according to the rank and condition of the wife, who occupied the position of the husband in society.

The fact is clearly established that the merchants were informed that the wife had abandoned her husband, and that they were not very scrupulous as to the prices they charged for the goods. However much it ought to be regretted that they were not defeated in their action at law, the question for us to determine is, whether their success was not attributable to the laches of the appellee. Fraud, like every other matter litigated, must be resisted at the proper time and before the proper tribunal, because it is the policy of the law that litigation should not be protracted or suits multiplied.

The excuse offered by the appellee for not making his defence at law, is his ignorance of the fact that the merchants knew, at the time they sold the goods to the wife, that she had abandoned her husband; and that in consequence of certain threats by her friends against his life, he was afraid to visit Amsterdam to ascertain what evidence could be procured on this part of his defence. The fact clearly appears from the whole bill, that the thought of searching for testimony never occurred to him till a second account of the wife was presented, after executing the forthcoming bond.

It is only in an extreme case that a court of chancery will grant a new trial at law. The application in the present case, is based upon the ground of newly discovered evidence. It is an established rule not to grant a new trial on account of evidence discovered after the trial, which by using diligence might

have been discovered before. Graham on New Trials, 478. Upon a full consideration of the facts of this case, we are of opinion, that to grant the new trial would establish a precedent in encouraging suitors in negligence in the preparation of their cases, protract litigation and multiply suits, when by proper diligence, law and justice could be administered in the first.

Decree reversed, and bill dismissed.